Cowin, J.
This action arises out of a contract dispute between plaintiff MRI Associates, Inc. as General Partner of Greater Boston MRI Limited Partnership (“GBMLP") and defendant Winchester Hospital (“Winchester”). GBMLP entered into the contract here at issue to provide mobile magnetic resonance imaging services (“MRI services”) to Winchester. GBMLP commenced this action on January 25,1993 claiming breach of contract, deceit and breach of implied covenant of good faith and fair dealing against Winchester; intentional interference with contract against Winchester Healthcare Management, Inc., Winchester Healthcare Enterprises, Inc. and Winchester Healthcare Enterprises, Inc.; and G.L.c. 93A violations against all defendants. Defendants move for summary judgment for the reason that all of plaintiffs claims hinge on GBMLP’s breach of contract claim and that claim fails as a matter of law. For the following reasons, defendants’ motion for summary judgment is allowed.
BACKGROUND
On August 19, 1988, GBMLP and Winchester entered into a Services Agreement (“the contract”), pursuant to which GBMLP was to provide mobile MRI services at Winchester for a minimum of one day per week. Under the contract Winchester permitted GBMLP to use space at Winchester to park the truck containing the mobile MRI equipment and to receive and register patients. Winchester also built a docking area and connector to accommodate the MRI truck on its weekly trips to the hospital. GBMLP paid a monthly fee to Winchester for this use of space and these construction costs. The present motion centers around the provision of paragraph 4(b):
In the event that during the License Term Winchester commences the provision of MRI services by means of a fixed unit located at its site, then, at its option, GBMLP may terminate this Agreement and the License immediately upon delivering written notice to Winchester (the “Termination notice”), and Winchester shall forthwith owe to GBMLP an amount determined as follows .. . (Emphasis added.)
Defendant Winchester Healthcare Imaging, Inc. (“Imaging") is a wholly-owned subsidiary of Winchester Healthcare Enterprises, Inc. (“Enterprises”). In December 1991, Imaging began providing office space, equipment and administrative services to a physician group which owns and operates an MRI center in Woburn, Massachusetts (‘Woburn MRI center”), approximately three miles from Winchester. Enterprises is in turn a wholly-owned subsidiary ofWinchester Healthcare Management, Inc. (“Management”). Management is also the parent corporation of Winchester. There is no evidence of any other corporate relationship between the defendants.
After the Woburn MRI center opened, GBMLP experienced decreased demand for its mobile MRI facility at Winchester. In October of 1992, GBMLP notified Winchester of its intent to terminate the contract, claiming that Winchester breached the contract under *630 paragraph 4(b) (quoted above) when Imaging began providing space to the Woburn MRI center.[1] GBMLP commenced this action on January 25, 1993.
DISCUSSION
Summaiy judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving parly bears the burden of demonstrating affirmatively that there is no triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass. at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summaiy judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
Breach of Contract
The crux of this dispute concerns the meaning of the term, “site,” in paragraph 4(b) quoted above. GBMLP maintains that the Woburn MRI center is located at Winchester’s “site,” and, because the contract prohibits Winchester from operating a fixed unit at its site, Winchester is in breach of the contract.[2] It is settled that interpretation of unambiguous language in a written contract is a question of law for the court. Edwin R. Sage Co. v. Foley, 12 Mass.App.Ct. 20, 28 (1981). “Site” and ‘Winchester site” are mentioned no less than six times in the contract and are used interchangeably to refer to the Winchester Hospital location. See the contract at the preliminary statement and paragraphs 2.1.1,2.2.1, 3.2, 4(b), and 5. In addition, the drafters of the document used the following terms to describe the place at which GBMLP would provide the mobile MRI services to Winchester: facility, at Winchester, on the Winchester campus, licensed premises, and such premises. See the contract at the preliminaiy statement and paragraphs 1, 1.1.1, 1.3, 1.4, 2.1, 2.1.1, 2.1.3, 2.1.4(b), 2.1.4(c), 2.1.5, 2.2.1, 2.2.2, 2.2.3, 3.2, 4., 4(b), 5, and 11. All the above terms are used to refer to the location of the Winchester Hospital in Winchester. Thus, there is no importance to be ascribed to the use of the word “site” in paragraph 4(b) rather than Winchester site." Each term refers to Winchester Hospital, not to the Woburn MRI center or to any place other than the Winchester Hospital location.[3] Thus, there is nothing ambiguous about the word “site” in the contract and it refers only to Winchester Hospital proper. Consequently, Winchester is entitled to summaiy judgment on GBMLP’s breach of contract claim.
Deceit
GBMLP alleges that when it “raised its concerns” about the decrease in demand at its mobile MRI facility, Winchester deceived GBMLP by misrepresenting the Woburn MRI center as a competing third-party business, not controlled by Winchester. A plaintiff alleging deceit in Massachusetts must show that the defendant made a false representation of a material fact with knowledge of its falsity for the purpose of inducing the plaintiff to act thereon, and that the plaintiff relied upon the representation and was damaged. Bond Leather Co. v. Q.T. Shoe Mfg. Co., 764 F.2d 928, 935 (1st Cir. 1985).
GBMLP has presented no evidence that the Woburn MRI center is, in fact, controlled by Winchester. Even if plaintiff could establish that a misrepresentation were made, it has not presented any evidence that such misrepresentation was material, that it was made for the purpose of inducing plaintiff to act upon it, or that plaintiff relied upon it to its detriment. The only statements plaintiff alleges as misrepresentations were made years after the parties entered into the contract and after business at the mobile MRI facility had decreased. Plaintiff took no action subsequent to these statements except to claim breach of contract and to terminate the contract. As there is no reasonable likelihood that GBMLP will prove several of the necessaiy elements of the prima facie case for deceit, Winchester is entitled to summary judgment on GBMLP’s deceit claim.[4]
Intentional Interference With Contract
GBMLP alleges that defendants Management, Imaging and Enterprises intentionally interfered with the contract between GBMLP and Winchester and with potential patients. A plaintiff attempting to prove intentional interference with contract must show that the defendants] knowingly induced a third party to break a contract. G.S. Enterprises, Inc. v. Falmouth Marine, Inc., 410 Mass 262, 272 (1991). However, as discussed above, there has been no breach by Winchester. Furthermore, there is no evidence that any of the defendants interfered with GBMLP’s relations with potential patients. Consequently, GBMLP’s intentional interference claims fail as well, and defendants are entitled to summaiy judgment.
Breach of Implied Covenant of Good Faith and Fair Dealing and 93A
In every contract there is an implied covenant of good faith and fair dealing. See PDM Mechanical Contr. v. Suffolk Const., 35 Mass.App.Ct. 228, 235 (1993). However, there is no indication that Winchester committed any acts which violated this implied covenant *631 in the contract between Winchester and GBMLP. Furthermore, as there has been no breach of the implied covenant or the contract, no deceit and no interference with the contract or with potential patients by any of the defendants, GBMLP cannot prove that any of the defendants have engaged in any conduct which rises to “a level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce." Massachusetts Farm Bureau Federation, Inc. v. Blue Cross of Massachusetts, 403 Mass. 722, 729 (1989); Levings v. Forbes & Wallace, Inc., 8 Mass.App.Ct. 498, 504 (1979). As a result, GBMLP’s breach of implied covenant of good faith and fair dealing and 93A claims fail as well, and defendants are entitled to summary judgment on these claims.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendants’ motion for summary judgment is ALLOWED.

 All parties label the action as one for breach of contract despite the fact that the contract provision allegedly breached simply provides for liquidated damages should Winchester provide MRI services at its site.

 GBMLP bases its argument on a publication issued by Winchester to publicize the Woburn MRI Center. Although it is not in any way clear from the publication that Winchester is responsible for the operation of the Woburn MRI center, it is assumed for purposes of the breach of contract argument that Winchester is in fact so responsible.

 Because this Court holds that “site” as used in the contract means Winchester Hospital proper and does not include the Woburn MRI center, this Court need not reach the issue of whether it is Winchester or some other corporate entity which “commence[d] the provision of MRI services.”

 At oral argument plaintiff claimed a need for further discovery to determine the extent to which the corporate defendants are interrelated and to delve into the deceit count. However, during the period of almost a year while no action was taken on defendant’s motions to stay discovery and for a protective order, the plaintiff did not avail itself of the opportunity to take discovery. During that span, GBMLP had ample time to conduct discovery, or to file a motion to compel if defendants resisted. In addition, plaintiff presumably had some reasonable ground for the allegations in the complaint. The allegations should not be totally dependent upon discovery.